**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBRA ANN WOODRUFF, Administratrix of the Estate of Jonathan Woodruff, and DEBRA ANN WOODRUFF, individually<br><br>    Plaintiff,<br><br>        v.<br><br>SULLIVAN COUNTY RURAL ELECTRIC COOPERATIVE, INC., COMMONWEALTH TELEPHONE CO., COMMONWEALTH TELEPHONE ENTERPRISES, EPIX INTERNET SERVICES, COMMONWEALTH COMMUNICATIONS and HENKELS & McCOY, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 3:07-CV-1697<br><br><br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Plaintiff Debra Ann Woodruff commenced this action by filing a complaint on September 17, 2007. The Complaint contains claims for common law negligence and wrongful death pursuant to 42 Pa. Cons. Stat. Ann. § 8301 and Pa. R. Civ. P. No 2202(a) and a Survival Action pursuant to 20 Pa. Cons. Stat. Ann. § 3373 and 42 Pa. Cons. Stat. Ann. § 8302 for damages suffered by the Plaintiff's deceased husband, the Plaintiff, and the decedent's children. The Defendants in the action include Sullivan County Rural Electric Cooperative, Inc., Commonwealth Telephone Company ("CTC"), Commonwealth Telephone Enterprises ("CT"), Epix Internet Services ("Epix"), Commonwealth Communications ("CC", and Henkles & McCoy, Inc.. On November 1, 2007, Whittaker Communications, Inc. and Splice-On Communications were joined as additional defendants.

In November 2007, Defendants CTE, CT, Epix, CC, and Henkles & McCoy filed

motions to dismiss the claims against them, or in the alternative dismiss the claims against them for punitive damages. (Docs. 12 & 20.) In an Order dated April 25, 2008, (Doc. 43) this Court denied the moving Defendants' motions to dismiss Plaintiff's claims in their entirety, but granted the moving Defendants' motions to dismiss Plaintiffs' claims for punitive damages. As a result, Plaintiff's negligence claims remain against all Defendants and, in addition, Plaintiff's claims for punitive damages remain against Defendant Sullivant County Rural Electric Cooperative, Inc..

By Order dated August 15, 2008 (Doc 70), this Court directed all parties to submit memoranda of law regarding the question of whether New York or Pennsylvania substantive law applies in this case on or before September 12, 2008. Plaintiff submitted her memoranda on September 9, 2008 and Defendant Sullivan County Rural Electric Cooperative submitted its memoranda on September 11, 2008. Although the deadline for filing memoranda has passed, no other Defendants have submitted memoranda or requested an extension of time in which to do so.

In a diversity action, this Court must apply choice of law rules provided by Pennsylvania, the forum state in which the Court sits. *LeJune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir. 1996). The choice of law approach provided by the Pennsylvania Supreme Court encourages a review of the policies and interests implicated in the particular case before the Court to allow the forum state to apply the law and policy of the jurisdiction most closely concerned with the outcome of the pending litigation. *Griffith v. United Airlines, Inc.*, 416 Pa. 1, 21-22 (1964). In this review, the Court must determine "the extent to which one state rather than another has demonstrated by reason of its policies and their

connection and relevant to the matter in dispute, a priority of interests in the application of the rule of law. *Meyers v. Commercial Union Assurance Co.*, 506 Pa. 492 (1984).

The Third Circuit Court of Appeals has held that Pennsylvania's approach to choice of law questions incorporates the contacts analysis of the Restatement (Second) of Conflict of Laws (1971) ("the Restatement") and the interest analysis underlying the policies of the particular states. *Carrick v. Zurich-American Insurance Group*, 14 F.3d 907, 909 (3d Cir. 1994). Section 145 of the Restatement provides the principles to be applied in choice of law questions involving tort actions and provides that the rights and liabilities of parties to a tort action are determined by the law of the state with the most significant relationship to the parties and the occurrence. Among the factors the Court needs to evaluate are: the place of injury, the place where conduct resulting in the injury took place, domicile, residence, nationality, place of incorporation and place of business of the parties, and the location of where the relationship of the parties is centered. These contacts are evaluated relevant to the extent they relate to the policies and interest involved in the particular case before the Court. *Cipolla v. Shaposka*, 439 Pa. 563, 565 (1970).

After reviewing the memoranda submitted by parties, the facts concerning each party's residence, place of incorporation and place of business, and the policies implicated in this case, the Court finds that Pennsylvania law should apply. All activity pertaining to the current case took place in Sullivan County, Pennsylvania; all of the original Defendants in this matter have principal places of business in Pennsylvania; the accident and death of the decedent were responded to and investigated by fire companies and ambulance services based in Pennsylvania; and the decedent was specifically hired to perform work on

Pennsylvania telephone lines that used telephone poles owned by a Defendant, Sullivan County Rural Electric Cooperative, with a principal place of business in Pennyslvania.

The Court takes note that the decedent was a New York resident, as are his surviving spouse and children. The Court also recognizes that Defendants Whittaker Communications and Splice-On Communications ("New York Defendants") have their principal place of business in New York. Even though the sub-contractor relationship between Whittaker, Splice-On and the decedent was undoubtedly centered in New York, it is apparent from the filings before the Court that the New York Defendants regularly conducted business within Pennsylvania. The New York Defendants did not provide the Court with a memorandum suggesting why New York, rather than Pennsylvania, law should be applied to the current case in spite of the extensive Pennsylvania contacts and interests already highlighted in this Memorandum and Order.

Because the Court determines that Pennsylvania holds the most significant relationship to the parties and occurrence at issue in the current case, Pennsylvania substantive law will henceforth be applied to this matter.

**NOW,** this 17th day of September, 2008, **IT IS HEREBY ORDERED THAT** the law of the Commonwealth of Pennsylvania will be applied in this case.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge