IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBRA ANN WOODRUFF, Administratrix
of the Estate of Jonathan Alan Woodruff,
and Debra Ann WOODRUFF, Individually

Plaintiffs

vs.

SULLIVAN COUNTY RURAL ELECTRIC
COOPERATIVE, INC.,

Defendant

CIVIL ACTION NO. 3:07-cv-1697

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Defendant, Sullivan County Rural Electric Cooperative, Inc., moves for sanctions against Plaintiffs for failure to disclose an initial death certificate in accordance with Rule 26 of the Federal Rules of Civil Procedure. The original death certificate of Decedent Plaintiff listed a cause of death consistent with the Defendant's theory of the case. The second death certificate listed a cause of death consistent with the Plaintiffs' theory of the case. The official death certificate was the second certificate and it noted on its face that it "replaces orig. cert.".

Moreover, the coroner testified in her deposition that the original certificate had been prepared by the funeral home and that she signed it not noticing that "how the injury occurred" did not match her own finding as to cause. She testified that she changed the certificate because she was asked to do so by Plaintiffs' counsel.

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, Defendant seeks the following sanctions:

> 1. That the Sullivan County Coroner be limited to testimony only as to the cause and manner of death, namely, accidental electrocution; the existence of two death certificates; and that the only reason the death certificate was changed was due to a conversation with Plaintiffs' counsel.
>
> 2. That the jury be informed of the Plaintiffs' failure to provide the original death certificate despite an obligation to do so; and
>
> 3. That Coroner, Wendy Hastings, provide no other testimony. This relief is requested not only as a sanction, but because Coroner Wendy Hastings is also not qualified to render medical opinions. More specifically, it is requested that she be precluded from opining that the injuries of the Plaintiff Decedent were not consistent with direct contact with the high power lines in this matter.
>
> 4. The Coroner, Wendy Hastings, will provide no other testimony, opinion or otherwise.
>
> 5. That no other witness, expert or otherwise, either called or retained by the Plaintiffs be permitted to testify that the Plaintiff Decedent's injuries or burns were not consistent with direct contact with the high power lines thereby suggesting an arcing event.

The Plaintiffs did not disclose the first death certificate but should have. Nevertheless, the failure to do so does no prejudice to the Defendant in its presentation of the case either on the merits or by added expense. The facts as to what occurred are fair game insofar as they pass the relevancy test. There is no justification to limit the testimony of the coroner in the manner proposed by Defendant. Whether she may testify in an area requiring what Defendant says is medical expertise, will be deferred to a time closer to trial. (Sanction Requests 1, 3 and 4.) Further, the Plaintiffs will not be precluded from presenting testimony that is not consistent with the Defendant's theory of

-2-

the case. Plaintiffs may present evidence to support their theory of the case. (Sanction Request 5.) Whether the jury should be informed of Plaintiffs' failure to produce the original death certificate will be deferred to the time of trial. (Sanction Request 2.)

THEREFORE, NOW this 1st day of October, 2009, Defendant's Motion for Sanctions Pursuant to Fed.R.Civ.P. 37 is DENIED.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge