# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEBRA ANN WOODRUFF,
Administratrix of the Estate of Jonathan
Alan Woodruff and DEBRA ANN
WOODRUFF, Individually,

      Plaintiff,

        v.

SULLIVAN COUNTY RURAL ELECTRIC

COOPERATIVE, INC., et al.,

      Defendants.

CIVIL ACTION NO. 3:07-CV-1697

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion for Summary Judgment of Defendant Sullivan County Electric Cooperative ("Sullivan County"). (Doc. 107.) For the reasons provided below, Defendants' motion will be denied. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332.

## BACKGROUND

Plaintiff Debra Ann Woodruff ("Woodruff") is a resident of New York, as was her decedent, Jonathan Alan Woodruff. (Compl., Doc. 1 ¶¶ 1-2.) The Defendants in this suit are the following entities: Commonwealth Telephone Enterprises ("CTE") is a telecommunications company; Commonwealth Telephone Company ("CT") is one of CTE's primary operating segments and is a local exchange carrier in rural Pensylvania; Epix Internet Services ("Epix") is a support business under CTE providing rural dial-up internet services; Commonwealth Communications ("CC") is a subsidiary of CTE and a provider of

telecommunications equipment and facilities management services; Sullivan County Rural Electric Cooperative owned electric distribution poles used by the other Defendants in the process of running communications wires; and Defendant Henkels & McCoy is a subcontractor hired by the other Defendants to complete the running of telecommunications wire. (*Id.* ¶¶ 8-14.)

According to Plaintiff, Jonathan Woodruff was killed while repairing telecommunications lines from the elevated bucket of his truck on September 26, 2005. (Doc. 115, ¶ 1.) Plaintiff's decedent was allegedly electrocuted when electricity from the wires or pole arced while he was working approximately six (6) to nine (9) feet below the energized power lines owned by Defendant Sullivan County. (*Id.*)

On September 27, 2005, the Sullivan County Coroner, Wendy Hastings ("Hastings"), signed a Death Certificate that said the injury occurred when Jonathan Woodruff "came in contact" with the power lines. (Doc. 114, Ex. C-3.) An amended Death Certificate was issued by Hastings on November 4, 2005, stating that the injury occurred when the line "arced." (Doc. 114, Ex. C-2.) In her deposition, Hastings explained that she made this change after Plaintiff's counsel alerted her to a discrepancy between the first Death Certificate and the Narrative from her field report, which stated that decedent's "injuries do not appear consistent with direct contact with the approximate 440 volt power line, but burn pattern . . . suggest (sic) an arcing event." (Doc. 114, Ex. C-1; Hastings Dep. 17:4-17:15, Mar. 24, 2009.) According to Hastings, the funeral home that removed decedent's body typed the first Death Certificate, and Hastings signed that Death Certificate without noticing the discrepancy with her Field Report. (Hastings Dep. 17:16-18:22.)

Plaintiff brought this suit against all Defendants for common law negligence (Counts

I and II), wrongful death pursuant to 42 Pa. Cons. Stat. Ann. § 8301 and Pa. R. Civ. P. No. 2202(a) (Count IV) against all Defendants, and a Survival Action pursuant to 20 Pa. Cons. Stat. Ann. § 3373 and 42 Pa. Cons. Stat. Ann. § 8302 for damages suffered by decedent, Plaintiff, and decedent's children as a result of the Defendants' alleged negligence (Count III) against all Defendants except Defendant CC. (*Id.* ¶¶ 34-60.) Defendants CTE, CT, Epix, CC, and Henkels & McCoy filed motions to dismiss these claims, or in the alternative, to dismiss the claims against them for punitive damages. (Docs. 12 & 20.) This Court granted the motion to dismiss claims for punitive damages, but denied the motion on all other claims. (Doc. 43.)

On July 8, 2009, Plaintiff submitted an Expert's Disclosure pursuant to Rule 26(a)(2) from electrical engineer Leonard Allan Greene. (Doc. 97.) In that statement, Mr. Greene stated that "proximate contact with high voltage lines occurred upon completion of telephone line splices located within ten feet of hazardous high voltage lines." (*Id.* at ¶ 7.) Mr. Greene also believed that "obstructive vegetation required close approach to hazardous high voltage lines" while decedent was working. (*Id.* at ¶ 8.)

Defendant Sullivan County then moved for summary judgment on July 16, 2009. (Doc. 107.) In its Brief in Support, Sullivan County argued that Plaintiff's expert had improperly posited a new "obstructive vegetation" theory of liability. (Doc. 108.) Sullivan County further argued that Mr. Greene's "proximate contact" theory was inherently inconsistent with the "seemingly abandoned theory" of an arcing power line. (Doc. 108.) Finally, Defendant contends that this Court should grant its summary judgement motion because Mr. Greene failed to address causation in his statement. (Doc. 108.) All current motions have been fully briefed and are now ripe for disposition.

3

# **LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

### 1.      New Theory of Liability

Defendant argues that the Plaintiff has raised a new theory of liability based on "obstructive vegetation." According to Defendant, this Court should exercise its "broad discretion to disallow the addition of new theories of liability at the eleventh hour." *See Carr v. Gillius Assoc. Indus., Inc.*, 227 Fed. Appx. 172, 176 (3d Cir. 2007).

In this case, the theory of liability asserted against Defendant Sullivan County is that Sullivan County was negligent in maintaining its power easement. Such a claim would logically include the possibility that Defendant Sullivan County failed to properly handle any vegetation that might have grown over the easement, and evidence of such overgrowth and/or obstruction has been available to all parties throughout the process of discovery.

Plaintiff is not raising a new theory of liability. The suggestion that negligent

5

maintenance of the easement led to the growth of obstructive vegetation is entirely consistent with the theory of negligence on which Plaintiff has relied throughout the duration of this lawsuit. Thus, Defendant is not entitled to summary judgment based on the argument that Plaintiff has improperly raised a new theory of liability.

**2.    Causation**

Defendant Sullivan County also argues that Plaintiff has failed to establish a prima facie case for negligence because Plaintiff has not established a causal connection between the allegedly negligent conduct and the resulting injury. Sullivan County's argument is two-pronged. First, it argues that Mr. Greene's "proximate contact" theory is inherently inconsistent with the arcing theory on which Plaintiff has based its case, and therefore, the evidence is so contradictory that a jury could have no basis for a finding of causation. Second, Defendant Sullivan County argues that it is entitled to summary judgment because Mr. Greene's statement does not address the issue of causation, and thus Plaintiff has not sufficiently proven causation.

Black's Law Dictionary defines proximate as "[v]ery near or close in time or space." BLACK'S LAW DICTIONARY 1346 (9th ed. 2009). Read in this context, Mr. Greene's report does not suggest that Plaintiff's decedent made direct contact with the power lines, but instead, it means that Plaintiff's decedent was very close in space to the power lines. This is entirely consistent with Plaintiff's arcing theory, which suggests that electricity arced out of the power lines when decedent was near them, thereby electrocuting him. Thus, there is nothing inconsistent between Mr. Greene's statement and Plaintiff's theory, and Defendant's argument fails.

Under Pennsylvania law, expert testimony is only necessary to prove causation

6

"when there is no obvious causal relationship between the accident and the injury." *Niklaus v. Vivadent, Inc.*, 767 F. Supp. 94, 96 (M.D. Pa. 1991) (citations and internal quotations omitted). Also, most cases that required expert testimony regarding causation involved medical testimony. *See*, *e.g.*, *Albert v. Alter*, 381 A.2d 459, 470 (Pa. Super. 1977). Viewing the record in the light most favorable to the Plaintiff, as this Court must, the issue of causation is obvious enough that expert testimony is unnecessary. Plaintiff asserts that Defendant Sullivan County negligently maintained its electrical easement, which caused the decedent to die when he was electrocuted. The question of causation between the accident (i.e. electrocution) and the injury (i.e. death) is obvious and clear enough that expert testimony is not necessary to prove causation. Thus, Plaintiff has sufficiently proven causation to survive a motion for summary judgment.

## CONCLUSION

Plaintiff has not raised a new theory of liability, has not offered inherently inconsistent testimony regarding causation, and does not need expert testimony to prove causation because the link between the injury and accident is obvious. Therefore, the Court will deny Defendant's motion for summary judgment.

An appropriate Order follows.

October 19, 2009          /s/ A. Richard Caputo
Date                    A. Richard Caputo
                      United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DEBRA ANN WOODRUFF,
Administratrix of the Estate of Jonathan
Alan Woodruff and DEBRA ANN
WOODRUFF, Individually,

      Plaintiff,

        v.

SULLIVAN COUNTY RURAL ELECTRIC
COOPERATIVE, INC., et al.,

      Defendants.

CIVIL ACTION NO. 3:07-CV-1697

(JUDGE CAPUTO)

## <u>ORDER</u>

    **NOW**, this <u>19th</u> day of October, 2009, **IT IS HEREBY ORDERED** that
Defendant's Motion for Summary Judgment (Doc. 107) is **DENIED**.

                                     /s/ A. Richard Caputo
                                     A. Richard Caputo
                                     United States District Judge